## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT TOWNSEND** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-716** |
| **MICHAEL TREGRE, ET AL** | **SECTION: "H"(4)** |

### ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment (Doc. 17). For the following reasons, this Motion is **GRANTED**.

### BACKGROUND

This case arises out of the May 22, 2015 arrest of Plaintiff Robert Townsend by Defendant Sid Triche, a deputy of the St. John Parish Sheriff's Department. On that date, Plaintiff directed his wife to call 911 to complain that his neighbor, Louis Ford, was drag racing on his street. This activity apparently resulted in an altercation between Plaintiff and Ford. Plaintiff avers that he felt threatened and exited his house with a handgun by his side. Though Ford alleges that Plaintiff pointed the gun in his direction and cocked

it, Plaintiff maintains that the gun remained at his side for the duration of the encounter.  When Triche arrived at the scene, he and other deputies took statements from the parties to the dispute.  Prior to the arrest, Plaintiff consented to Triche entering his home to retrieve the weapon.  Plaintiff alleges that Triche unlawfully confiscated his weapon.  After consulting with his supervisors, Triche arrested Plaintiff on charges of aggravated assault based on the allegations that he cocked and pointed his gun at Ford during the dispute.

Plaintiff was ultimately released from jail on bond and given a court date of July 20, 2015.  He states that when he arrived at court on that date he learned that the charges against him had been refused and that there was no documentation of his case.  In his Complaint, he alleges that despite multiple attempts, he has been unable to obtain the return of his gun that was taken from him when he was arrested; however, it seems that the gun was ultimately returned to him following the commencement of this litigation.  Plaintiff brings a section 1983 action for violations of his First, Second, Fourth, Fifth, and Fourteenth Amendment rights, as well as claims for violations of provision of the Louisiana Constitution.  He also brings claims against the Sheriff in his official capacity pursuant to *Monell v. Dep't of Soc. Servs. of City of N.Y.*,[1] and state law causes of action for assault and battery, intentional infliction of emotional distress, and defamation arising out of the publication of his arrest.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if

---

[1] 436 U.S. 658, 660 (1978),=.

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the

---

[2] Fed. R. Civ. P. 56(c) (2012).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

necessary facts."[8]    Additionally, "[t]he mere argued existence of a factual
dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

Defendants have moved for dismissal of Plaintiff's claims.  At the outset,
Plaintiff concedes that his claims against defendants for deprivation of his
Second, Fifth, and Fourteenth Amendment rights associated with the seizure
of his firearm have been rendered moot by the Sheriff Department's return of
his weapon.  He also concedes that the excessive force, assault and battery,
intentional infliction of emotional distress, defamation, vicarious liability, and
*Monell* claims are not supported by the evidence.  Accordingly, these claims are
dismissed.  All that remains is Plaintiff's claim against Triche for false arrest
in violation of the Fourth and Fourteenth Amendments.

Triche moves to dismiss this remaining claim, arguing that he is entitled
to qualified immunity for his actions relative to Plaintiff's arrest.  Qualified
immunity serves to "shield[] government officials from civil damages liability
unless the official violated a statutory or constitutional right that was clearly
established at the time of the challenged conduct."[10]  "Once a defendant raises
the defense of qualified immunity, 'the burden shifts to the plaintiff to rebut
this defense by establishing that the official's allegedly wrongful conduct
violated clearly established law.'"[11]

---

[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[10]  *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012).

[11] *Harris v. Serpas*, 745 F.3d 767 (5th Cir. 2014) (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)).

4

In *Saucier v. Katz*, the Supreme Court promulgated a two-step analysis to determine if an official has stepped outside the bounds of qualified immunity.[12]  Under that test, the initial inquiry is whether the Plaintiff has alleged a constitutional violation.[13]  If established, the next inquiry is whether the defendant's conduct was objectively reasonable in light of clearly established law at the time the conduct occurred.[14]  In *Pearson v. Callahan*, the Court retreated somewhat from this rigid two-step inquiry, giving courts leave to decide which prong to consider first.[15]  In this matter, the Court will first consider whether Plaintiff has provided adequate support for a constitutional violation as to his false arrest claim.

Plaintiff contends that his arrest was not based on probable cause.  The Fourth Amendment, made applicable to the states through the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause."[16]  "The Supreme Court has defined probable cause as the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'"[17]  A police officer is entitled to qualified immunity for an arrest if a reasonable person in his position could have believed that he had probable

---

[12] 533 U.S. 194, 201 (2001).

[13] *Id.*

[14] *Id.*

[15]  555 U.S. 223, 236 (2008).

[16] U.S. Const. amend. IV.

[17] *Piazza v. Mayne*, 217 F.3d 239, 245 (5th Cir. 2000) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).

cause to arrest.[18]  Whether probable cause exists is judged based on the facts and circumstances within a police officer's knowledge at the moment of arrest.[19]

Triche argues that he had probable cause to make the arrest based on Plaintiff's admission that he came outside with his firearm and Ford's statement that Plaintiff cocked and pointed the gun in his direction.[20]  Plaintiff argues that Triche's investigation was insufficient, and that probable cause did not exist because the charges against him were ultimately refused by the district attorney.  This argument is not persuasive.  "The constitution does not guarantee that only the guilty will be arrested."[21]  Though the Fifth Circuit has declined to directly address the issue, other circuits have held that "evidence of an affirmative defense may be relevant to the probable cause inquiry."[22]  The Court must, however, look to "totality of circumstances within a police officer's knowledge at the time of the arrest."[23]  Though he may not ignore conclusively established evidence, an officer does not have an affirmative duty to investigate every possible defense a suspect may have.[24]  Accordingly, the Court finds that Triche had probable cause to arrest Plaintiff, even construing the evidence in the light most favorable to the Plaintiff.

---

[18] *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001).

[19] *Haggerty v. Texas Southern University*, 391 F.3d 653, 655–56 (5th Cir. 2004).

[20] Plaintiff argues the statement is hearsay and therefore not competent summary judgment evidence.  The Court disagrees.  Ford's statement is not offered as proof of the truth of the matter asserted therein (i.e. that Plaintiff pointed the gun at him) but rather to illustrate the information available to Triche at the time of the arrest.  *See generally* Fed. R. Evid. 804.  The fact that such a statement was made is corroborated by Triche's deposition testimony, wherein he testifies that he spoke to Ford at the scene.

[21] *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982).

[22] *Dressner v. Crowe*, No. 13-81, 2013 WL 5236658, at *3 (E.D. La. Sept. 16, 2013).

[23] *Id.*

[24] *Id.*

Because Plaintiff cannot establish a constitutional violation, Defendant Triche is entitled to qualified immunity on the false arrest claims.

## CONCLUSION

For the foregoing reasons, Defendants Motion for Summary Judgment is **GRANTED**.  Plaintiff's claims are **DISMISSED**.

New Orleans, Louisiana this 28th day of October, 2016.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

7